1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                   FOR THE EASTERN DISTRICT OF CALIFORNIA

6    BENJAMIN ADAMS,

7              Petitioner,              No. CIV S-05-2237 DFL JFM P

8         vs.

9    TERESA SCHWARTZ, Warden,           ORDER AND

10             Respondent.              FINDINGS AND RECOMMENDATIONS

11   _____/

12            Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

13   corpus pursuant to 28 U.S.C. § 2254.  Respondent's motion to dismiss came on regularly for

14   hearing April 12, 2007.  Mary Lou Hillberg appeared for petitioner.  Krista L. Pollard, Deputy

15   Attorney General, appeared for respondent.  Upon review of the motion and the documents in

16   support and opposition, upon hearing the arguments of counsel and good cause appearing

17   therefor, THE COURT FINDS AS FOLLOWS:

18            In 1984, petitioner was convicted of robbery and kidnaping.  (Pet. at 1.)  In the

19   instant action, petitioner challenges the 2003 decision of the California Board of Prison Terms

20   (BPT) to rescind a previous grant of parole.[1]

21            On January 17, 2007, respondent moved to dismiss the petition alleging petitioner

22   had failed to exhaust his state court remedies.  On March 28, 2007, petitioner filed an opposition.

23   On April 3, 2007, respondent filed a reply.

24   _____

25       [1] On September 13, 2002, the BPT granted petitioner a parole date.  On January 10,
     2003, Governor Gray Davis ordered the BPT to reverse their decision to grant parole.  The
26   instant action arises from the BPT's decision following that order.

I. <u>Procedural History</u>

Petitioner filed a habeas petition in the California Supreme Court on October 5, 2004, Case No. S128256.  (Pet.'s December 7, 2006 Response, at 2; Pet.'s December 11, 2006, Ex. B; Resp't's Motion, Ex. 2, filed January 17, 2007.)  In addition, on October 18, 2004, petitioner filed a supplement to the petition in the California Supreme Court.  (First Opp'n, filed December 7, 2006, Ex. A [Docket No. 23-2 at 7-10]).

The California Supreme Court denied the petition on November 10, 2004 in an order citing <u>People v. Duvall</u>, 9 Cal.4th 464, 474 (1995), and further providing "But see Calif. Code of Regs., Tit. 15, § 3076." (Respt.'s Motion, Ex. 1.)[2]

On December 6, 2004, the Clerk of the California Supreme Court received from petitioner the habeas petition styled "Petition for Rehearing," to which was attached as exhibits thirteen copies of the entire record, including the transcripts from the rescission hearing.  (March 28, 2007 Opp'n, Ex. A.)  The California Supreme Court Clerk informed petitioner by letter dated December 6, 2004:

> No action may be taken on your "petition for rehearing," received today.  The order of this court filed November 10, 2004, denying the above-referenced petition, was final forthwith and may not be reconsidered or reinstated.  Please rest assured, however, that the entire court considered the petition for writ of habeas corpus, and the contentions made thereon, and the denial expresses the court's decision in this matter.

(<u>Id.</u>)

_____

[2] Section 3076 of Title 15 provides:  "The director may recommend at any time to the sentencing court the recall of an inmate's commitment pursuant to Penal Code section 1170(d) for one or more of the following reasons:  [¶]  (a) The inmate is terminally ill and is not condemned or sentenced to life without possibility of parole.  [¶]  (b) It is evident from the inmate's exceptional behavior that is so extraordinary beyond simply complying with all regulations and procedures during incarceration that they have changed as a person and would be a positive asset to the community.  [¶]  (c) Information which was not made available to the court in pronouncing the inmate's sentence is brought to the attention of the director, who deems the information would have influenced the sentence imposed by the court.  [¶]  (d) The director deems that circumstances have changed to the extent that the inmate's continued incarceration is not in the interest of justice."  <u>Id.</u>

1        The exhaustion of state court remedies is a prerequisite to the granting of a

2 petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

3 be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[3]  A waiver of exhaustion,

4 thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

5 providing the highest state court with a full and fair opportunity to consider all claims before

6 presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

7 Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

8        The state court has had an opportunity to rule on the merits when the petitioner

9 has fairly presented the claim to that court.  The fair presentation requirement is met where the

10 petitioner has described the operative facts and legal theory on which his claim is based.  Picard,

11 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal

12 claim were before the state courts . . . or that a somewhat similar state-law claim was made."

13 Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

14        [i]f state courts are to be given the opportunity to correct alleged
        violations of prisoners' federal rights, they must surely be alerted
15        to the fact that the prisoners are asserting claims under the United
        States Constitution.  If a habeas petitioner wishes to claim that an
16        evidentiary ruling at a state court trial denied him the due process
        of law guaranteed by the Fourteenth Amendment, he must say so,
17        not only in federal court, but in state court.

18 Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus

19 must include reference to a specific federal constitutional guarantee, as well as a statement of the

20 facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996).

21 The United States Supreme Court has held that a federal district court may not entertain a

22 petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each

23 of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).

24 /////

25

26      [3] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1    As a general rule, a citation to <u>People v. Duvall</u> indicates that claims have not

2    been presented to the California Supreme Court with sufficient specificity and a dismissal on that

3    ground is without prejudice.  A habeas petition "should 'state fully and with particularity the

4    facts on which relief is sought.'"  <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1039 (9th Cir. 2005), citing

5    <u>In re Swain</u>, 34 Cal.2d 300 (1949).  However, the Ninth Circuit has held that a state court's denial

6    of a habeas petition for lack of particularity does not necessarily establish that state remedies

7    have not been exhausted.  <u>Kim v. Villalobos</u>, 799 F.2d 1317, 1319-20 (9th Cir.1986).  Rather,

8    fair presentation requires only that the claims be pled with as much particularity as is practicable.

9    <u>Kim</u>, 799 F.2d at 1320.

10    In his opposition, petitioner states the petition contains the exact same claims that

11    were exhausted in the California Supreme Court.  Indeed, the instant petition tracks petitioner's

12    petition for writ of habeas corpus filed with the California Supreme Court.  In both this court and

13    the California Supreme Court, petitioner claimed he was deprived of his Fourteenth Amendment

14    liberty interest in parole when the BPT rescinded his parole date.  The court finds that the

15    petition presented to the California Supreme Court fairly provided the state court with the

16    operative facts and legal theory on which petitioner's federal claim is based.  The state petition

17    accurately reflected that the BPT had initially granted petitioner a parole date, that the governor

18    had intervened and ordered the parole rescinded, and that the BPT subsequently rescinded

19    petitioner's parole date based on a finding that the BPT had previously failed to adequately

20    consider petitioner's prior criminal history, and not properly weighed the gravity of petitioner's

21    underlying offense.  Petitioner contested these findings, stating he had no juvenile record, that he

22    had suffered many arrests by virtue of living in the ghetto and suffering from a drug addiction,

23    but that he had not sustained numerous prior convictions, and that no person had been physically

24    injured as a result of the crime underlying his conviction.

25    /////

26    /////

4

1   This court finds that petitioner pled his claim with sufficient particularity to satisfy

2 the exhaustion requirement.[4]  Because this court finds that all of petitioner's claims have been

3 exhausted, respondent's motion to dismiss should be denied and respondent should be directed to

4 file an answer.

5   IT IS HEREBY RECOMMENDED that:

6   1.  Respondent's January 17, 2007 motion to dismiss be denied; and

7   2.  Respondent be directed to file an answer within thirty days of any order

8 adopting these findings and recommendations and include with the answer any and all transcripts

9 or other documents relevant to the determination of the issues presented in the application; and

10   3.  Petitioner's traverse be due thirty days thereafter.

11   These findings and recommendations are submitted to the United States District

12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

13 days after being served with these findings and recommendations, any party may file written

14 objections with the court and serve a copy on all parties.  Such a document should be captioned

15 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

16 failure to file objections within the specified time may waive the right to appeal the District

17 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18 DATED:  May 1, 2007.

19

20   UNITED STATES MAGISTRATE JUDGE

21

22 001;adam2237.mtda

23

24   [4]  Under the circumstances of this case, the proceedings in the Los Angeles Superior
Court are not relevant to whether the California Supreme Court had a full and fair opportunity to
review petitioner's claims.  Moreover, the Office of the Attorney General has recently taken the
25 position that a pro se petitioner is not required to append supporting documents to a habeas
petition.  See Jackson v. Woodford, CIV S-05-1822 GEB JFM P, Defts.' Points & Authorities,
26 filed March 13, 2007, at 10-11.