IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ADAMS,

    Petitioner,        No. CIV S-05-2237 JAM JFM P

  vs.

TERESA SCHWARTZ, Warden,    ORDER AND ORDER TO SHOW

    Respondent.        CAUSE IN RE CONTEMPT

_____/

        Petitioner is a 69 year old state prisoner proceeding through counsel with an application for writ of habeas corpus. On April 11, 2008, the undersigned directed respondent to lodge the entire administrative record within fifteen days. Respondent sought reconsideration by the district court. On May 5, 2008, the district court affirmed this court's April 11, 2008 order and directed respondent to lodge the entire administrative record within 15 days from service of that order. (Docket No. 46.) Fifteen days have now passed and respondent has failed to lodge said documents, despite acknowledgment that said documents are in counsel's possession. (May 20, 2008 Request at 4, n.1.) Instead, on May 20, 2008, respondent filed a request for stay pending issuance of the mandate in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en

1  banc granted, ____ F.3d ____, No. 06-55392 (9th Cir. May 16, 2008).[1]  In the alternative,
2  respondent requests that the court extend the time to lodge the administrative record until ten
3  days after the court denies the request for a stay.
4        In petitioner's March 4, 2008 request for status, the court was informed that
5  petitioner "has been diagnosed with prostrate cancer, but is not yet receiving any treatment."
6  (Docket No. 40 at 1.)[2]  Since that filing, the court has attempted to get this matter fully briefed so
7  that petitioner may obtain a ruling in his case which has been pending in this court since
8  November 4, 2005, but was initially filed in the Northern District on January 6, 2005.
9        Respondent asks the court to exercise its discretion and stay this matter pending
10 issuance of the mandate in Hayward because the balance of the interests and considerations of
11 judicial order and economy favor granting a stay.  Respondent cites numerous cases sua sponte
12 stayed by the Ninth Circuit Court of Appeals pending resolution of Hayward.  (May 20, 2008
13 Request at 3.)  Respondent also contends that a stay would not unfairly delay petitioner in
14 pursuing his claims, because additional briefing would be needed after Hayward is decided, and
15 if the court issues an opinion, the losing party will file an appeal which will then be delayed
16 pending Hayward.
17       This court disagrees.  Although respondent is correct that this court has some
18 discretion to stay an action pending resolution of independent proceedings which bear upon it,[3]
19 considerations of judicial economy cannot justify an indefinite and potentially lengthy stay.
20 Yong v. Immigration and Naturalization Service, 208 F.3d 1116, 1119-20 & n.2 (9th Cir. 2000).
21 In Yong, the Ninth Circuit Court of Appeals reversed the district court's decision to stay a habeas

---

[1] On May 21, respondent filed a duplicate request for stay.  That request will be disregarded and the Clerk of the Court will be directed to terminate the request.  (Docket No. 49.)

[2] Although the record reflects that petitioner's bid for compassionate release was denied in 2005, in light of petitioner's present medical condition, counsel for petitioner may wish to again seek compassionate release.

[3] Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).

action pending resolution of the appeal in Ma v. Reno, 208 F.3d 815 (9th Cir. 2000), holding that the district court had abused its discretion in that habeas corpus action. The instant action is also a habeas corpus action, and does therefore "implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Yong, 208 F.3d at 1120. "[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority. Yong, 208 F.3d at 1119 n.2. Yong is binding precedent in this circuit and this court has no authority to await further ruling by the Circuit before applying the Circuit court's decision as binding authority. Id.

Moreover, petitioner, who is 69 and suffering from multiple health problems in addition to prostrate cancer, is entitled to receive a decision in his case which has been pending in federal court for over three years and four months. While the court may consider Hayward in ruling on the instant petition, there is other binding precedent on which the court may rely in addressing the petition as well. For example, Superintendent v. Hill, 472 U.S. 445, 457 (1985), Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir. 2006); and Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007).

For all of the above reasons, respondent's request for stay will be denied. Accordingly, respondent will be directed to show cause, by close of business May 30, 2008, to show cause, if any he may have, why this court should not find respondent in contempt for failing to comply with the May 5, 2008 court order.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Respondent's May 20, 2008 request for stay is denied (docket no. 48);

2. The Clerk of the Court shall terminate respondent's May 21, 2008 request for stay (docket no. 49); and

/////

/////

3. By close of business May 30, 2008, respondent shall show cause, if any he may have, why this court should not find respondent in contempt for failing to timely comply with the May 5, 2008 court order.

DATED: May 23, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; adam2237.con