UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ADAMS, | Case No. 2:05-cv-2237 JAM-JFM-P |
| Petitioner, | ORDER DENYING APPLICATION FOR STAY |
| v. | |
| TERESA SCHWARTZ, Warden, | |
| Respondent. | |

On October 16, 2008, Respondent Teresa Schwartz filed "Respondent's Application for a Stay of the Court's October 15, 2008 Order Granting the Petition for Writ of Habeas Corpus." Respondent "requests a stay of this Court's order requiring the Board of Parole Hearings (Board) to disregard its statutory duty to determine whether an inmate is suitable for parole and to immediately release a convicted murderer [sic]." (Resp.'s Appl. at 1.) Respondent requests a stay "because the October 15, 2008 Order directs Respondent to immediately release a prisoner on parole whom the Board has determined is a threat to the public safety." (*Id.* at 2.)

1

Respondent seeks the stay pending appeal to the Ninth Circuit under Federal Rule of Civil Procedure 62(c) ("Rule 62(c)"). "Rule 62(c) provides that when an appeal is taken from a final judgment granting an injunction, the court has discretion to suspend the injunction during the pendency of an appeal upon such terms that will secure the rights of the adverse party." (Appl. at 2 (citing Rule 62(c)).) "[T]he factors regulating the issuance of a stay are ... : (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Respondent contends that a stay pending appeal should be granted because (1) Respondent has a high likelihood of success on the merits of her appeal (Appl. at 3); (2) the parole board and the state's parole system will be irreparably injured if a parole date is set for Petitioner, because "an order directing the Board to set a release date for [Petitioner] ... usurps the legislative mandates with which the Board is charged" (Appl. at 8); (3) the issuance of a stay would not substantially injure Petitioner (*Id*. at 9); and (4) a stay is necessary to protect the public interest, since "[t]he state has established a parole process that should be respected" (*Id*. at 9).

For the reasons stated in the October 18, 2008 Order, and the findings and recommendations filed September 12, 2008, Respondent has not established that she is likely to succeed on the merits of her appeal. Additionally, Respondent's arguments that the parole

1  board and the state's parole system will suffer irreparable harm if
2  Petitioner is paroled and that the public has an interest in the
3  parole board's decision remaining undisturbed, are unpersuasive.
4  The Court notes that Respondent inaccurately refers to Petitioner
5  as a "convicted murderer" (Appl. at 1) and "murderer" (Appl. at 8)
6  in two different portions of her application.  Petitioner, Benjamin
7  Adams, was never accused of murder.  He was convicted of kidnapping
8  for robbery in 1984 and has been in prison for these past twenty
9  four years for that offense.  He has served fourteen years beyond
10 his minimum eligible parole date of 1994.  Respondent's statements
11 identifying Petitioner as a murderer have, therefore, been
12 disregarded by this Court.
13      Finally, Petitioner would be irreparably harmed by a stay that
14 would keep him in prison indefinitely, especially since it has
15 already been determined that due process requires the parole board
16 to release him immediately.  Petitioner is 69 years old.  If he is
17 not released immediately, relief will come too late to be of any
18 avail.  As indicated in the findings and recommendations,
19 Petitioner suffers from a "myriad of medical ailments: he is a
20 brittle diabetic, has hypertension, chronic hepatitis C viral
21 infection, bilateral lower extremity venous insufficiency secondary
22 to an old gunshot wound, chronic low back pain and an allergy to
23 sulfonamides."  In the last year he has also been diagnosed with
24 prostate cancer.  (September 12, 2008 Findings and Recommendations
25 at 1.)  Therefore, Respondent's application for a stay pending
26 appeal is denied.
27      IT IS SO ORDERED.
28 Dated:  October 22, 2008.

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3